**SCHUTT LAW FIRM, P.L.C.**
8817 E. Bell Road, Suite 201
Scottsdale, Arizona 85260
Phone: 480-991-8777
Facsimile: 480-499-5650
kenschutt@cox.net
Kenneth W. Schutt, Jr., Bar No. 007497
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JEFFREY STEVENS, a married man, ) | |
| ) | No. **2:18-cv-01137-JAT** |
| Plaintiff, ) | |
| v. ) | |
| ) | **PLAINTIFF'S BRIEF REGARDING** |
| BLUE CHIP 2000 COMMERCIAL ) | **LOCATION OF DEPOSITIONS** |
| CLEANING, INC., an Ohio Corporation; ) | |
| DANIEL HOPKINS, a married man and ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

Defendant Blue Chip 2000 Commercial Cleaning ("Blue Chip") hired Plaintiff as Vice President of Business Development. He was terminated 6 months into his 1-year contract. He worked remotely out of Arizona while employed by Blue Chip. He currently works as a Youth Pastor at a local Church and earns a modest salary.

Defendant Blue Chip is a commercial cleaning company with a national presence. Customers include Simon Properties, serving several locations throughout the United States, including Tucson, Arizona; Macy's Stores, serving several locations throughout the United States, and the Mall of America in Minneapolis, Minnesota. Defendant Blue Chip is being defended by The Cincinnati Insurance Companies, under a reservation of rights.

Plaintiff seeks to depose Dan Hopkins, CEO of Defendant Blue Chip and a Defendant himself. He made the final decision to terminate Plaintiff. The other witness is Mark Callahan, the President of Defendant Blue Chip. Both witnesses were participants in the events leading up to the termination and possess information important to the case. Evaluation of the witnesses for trial through in person depositions is critical.

Dan Hopkins owns homes in Cincinnati and Tennessee. He works out of the headquarters in Cincinnati. Mr. Callahan does not own a home in Ohio, but works remotely from Pennsylvania and, apparently, more recently, Florida. Both witnesses travel for the business. Mark Callahan travels extensively for Blue Chip (at least every other week).

Defendants correctly cite *Marana Aerospace Solutions Inc. v. Western Global Airlines LLC*, 2016 WL 9343166 at *2 (D. Ariz. June 24, 2016). However, as the *Marana* court noted this general rule may be modified when justice so requires. 8A Federal Practice & Procedure § 2112. In determining whether to modify the general rule, courts consider the relative burden and expenses placed upon the parties; the "location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose," whether the deponents often engage in business travel, "and the equities with regard to the nature of the claim and the parties' relationship." *Id*.

Applying the equities in this case, the exception to the general rule should control. Both Dan Hopkins and Mark Callahan should be required to appear in Arizona for their depositions. At the very least, Mark Callahan should be required to come to Arizona since he does not work primarily out of the Cincinnati office. The invitation to impose a video deposition of two such critical witnesses on the Plaintiff should be rejected. Defendants and their insurance carrier have sufficient resources to pay for the attendance of these two witnesses in Arizona and Plaintiff should not have to sacrifice a thorough preparation of his case because of the cost himself and his attorney to travel to Cincinnati for in person deposition.

**RESPECTFULLY SUBMITTED** this 31st day of January 2019.

**SCHUTT LAW FIRM, P.L.C.**

By: /s/ Kenneth W. Schutt, Jr.
 Kenneth W. Schutt, Jr.
 8817 E. Bell Road, Suite 201
 Scottsdale, Arizona 85260
 Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January 2019, I caused the foregoing document to be filed electronically with the Clerk of the Court through the CM/ECF System for filing; and served on Counsel of Record through the Court's CM/ECF system.

By: /s/ Kenneth W. Schutt, Jr.